UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRVIN JOHNSON,

    Petitioner,

v.

KENNETH ROMANOWSKI,

    Respondent.

Case No. 2:14-cv-12251
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Irvin Johnson, incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). As relevant to his Petition, after a bench trial, Johnson was convicted of two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83. In his Petition, Johnson raises one claim: that he was deprived of constitutionally mandated due process because the trial judge found him guilty of assault with intent to commit murder without finding that he had a specific intent to kill. (Dkt. 1, Pet. for Habeas Corpus at 4.) Upon a review of the Petition and its exhibits, the Court will SUMMARILY DENY Johnson's application for habeas corpus WITH PREJUDICE pursuant to Rule 4 of the Rules Governing § 2254 Cases and 28 U.S.C. § 2243.

**I.**

In affirming Johnson's conviction, the Michigan Court of Appeals described the facts of his case this way:

> Defendant became involved in a fight among several women, including his sister. Defendant initially tried to break up the fight, but then started fighting some of the women himself. At some point, defendant disengaged himself from the fight,

entered a nearby garage, and came out of the garage shooting at the crowd. Two persons who were not involved in the fight were injured.

*People v. Johnson*, No. 310443, 2013 Mich. App. LEXIS 1116 (Mich. Ct. App. June 20, 2013).

Following his conviction and sentence, Johnson filed a direct appeal. His appellate brief raised the same claim that is the basis of the Petition: "Defendant was deprived [of] his right to due process where the trial judge found Defendant guilty of assault with intent to murder without finding a specific intent to kill." (Pet. for Habeas Corpus Ex. A, Mich. Ct. App. Br. at 2; *see also id.* at 10 (capitalization altered).)

The Michigan Court of Appeals found that this claim lacked merit. *People v. Johnson*, No. 310443, 2013 Mich. App. LEXIS 1116 (Mich. Ct. App. June 20, 2013). The state appellate court explained:

> The trial court's factual findings were sufficient to establish that defendant committed an assault with the intent to commit murder. The trial court found that defendant had a motive to cause harm, that his intent was reflected by his statement that "you bitches are going to bleed," and that he carried out his threat by firing several bullets at a crowd of people. The court also found that defendant's actions were not justified by self-defense. Moreover, the court was aware that defendant had been charged in the alternative with lesser assault offenses, including assault with intent to do great bodily harm less than murder, and stated that it was declining to convict defendant of the lesser offenses in light of its "election" of the higher offense of assault with intent to commit murder. The intentional discharge of a firearm at someone within range, under circumstances that do not justify, excuse, or mitigate the crime, is sufficient to prove assault with intent to commit murder. *People v Lipps*, 167 Mich App 99, 105; 421 NW2d 586 (1988); *People v Johnson*, 54 Mich App 303, 304; 220 NW2d 705 (1974). In light of the trial court's factual findings, its conclusion that defendant's actions constituted assault with intent to commit murder, and its rejection of the lesser offenses of assault with intent to do great bodily harm less than murder and felonious assault, it is apparent that the trial court found that defendant acted with the specific intent to kill.

*Johnson*, 2013 Mich. App. LEXIS 1116 at *4–5. The Michigan Court of Appeals concluded, "Because the [trial] court's findings indicate that the court was aware of the issues in the case and correctly applied the law, its factual findings were sufficient." *Id.* at *5.

Johnson then sought leave to appeal in the Michigan Supreme Court. On November 25, 2013, that court denied Johnson's application for leave to appeal because it was "not persuaded that the question presented should be reviewed by this Court." *People v. Johnson*, 495 Mich. 902, 839 N.W.2d 467 (table) (2013).

Johnson's Petition indicates that he did not seek certiorari from the United States Supreme Court or pursue state court post-conviction relief. (*See* Pet. for Habeas Corpus at 2, 3.)

On June 6, 2014, Johnson filed the petition for habeas corpus now before this Court for screening. (Dkt. 1.)

## II.

### A.

This Court has the responsibility of screening petitions for habeas corpus. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011); 28 U.S.C. § 2243. Indeed, Rule 4 of the Rules Governing § 2254 Cases provides, "The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also McFarland v. Scott*, 512 U.S. 849, 860 (1994) ("[D]istrict courts are authorized to summarily dismiss petitions which appear on their face to be meritless." (citing Rule 4)). At the screening stage, the allegations in the Petition are accepted as fact and liberally construed in favor of the petitioner. *Alexander*, 419 F. App'x at 545.

### B.

The Antiterrorism and Effective Death Penalty Act applies to Johnson's Petition because it was filed after that Act's 1996 effective date. *Moreland v. Bradshaw*, 699 F.3d 908, 916 (6th

Cir. 2012). Further, a particular section of that Act, 28 U.S.C. § 2254(d), applies to Johnson's Petition because, as indicated above, the Michigan Court of Appeals adjudicated the merits of Johnson's sole habeas claim. *See Johnson v. Williams*, --- U.S. ---, ---, 133 S. Ct. 1088, 1097, 185 L. Ed. 2d 105 (2013) ("The language of 28 U.S.C. § 2254(d) makes it clear that this provision applies only when a federal claim was 'adjudicated *on the merits* in State court.'"). And it is the Michigan Court of Appeals' decision that this Court reviews through AEDPA's deferential lens, as the Michigan Supreme Court did not reach the merits. *See Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991) ("We look through the subsequent unexplained denials to [the last explained] opinion, unless [the habeas petitioner] has carried his burden of adducing strong evidence that one of the subsequent courts reached the merits of the federal claim."); *Hynes v. Birkett*, 526 F. App'x 515, 519 (6th Cir. 2013) ("The fact that the Michigan Supreme Court subsequently denied Hynes's application for leave to appeal 'because [it was] not persuaded that the questions presented should be reviewed by [that] [c]ourt' does nothing to negate AEDPA's applicability."); *Davis v. Rapelje*, --- F. Supp. 2d ---, No. 13-13610, 2014 WL 2999281, at *5–8 (E.D. Mich. July 3, 2014) (Michelson, J.) (citing case law regarding which opinion is owed AEDPA deference when there is an explained state-court decision "on the merits" but subsequent, unexplained state appellate court decisions are also "on the merits").

Under § 2254(d), this Court "shall not" grant Johnson relief on his habeas claim unless the Michigan Court of Appeals' adjudication of that claim resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Simply stated, § 2254(d) deference is significant: "[a]s a condition for

4

obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Burt v. Titlow*, --- U.S. ---, 134 S. Ct. 10, 15-16, 187 L. Ed. 2d 348 (2013) (quoting *Harrington*, 131 S.Ct. at 786-787).[1]

### III.

Johnson claims he is entitled to habeas relief because his rights under the Due Process Clause were violated during his trial. Specifically, Johnson says that the trial judge found him "guilty of assault with intent to commit murder without finding a sp[e]cific intent to kill." (Pet. for Habeas Corpus at 4 (capitalization altered).) Johnson asserts that the trial judge was required to articulate his factual findings and conclusions of law supporting his verdict. (Pet. for Habeas Ex. A, Mich. Ct. App. Br. at 10.) Johnson also argues that the findings that the trial court did articulate only support a conviction of "Assault with Intent to Commit Less than Murder." (Mich. Ct. App. Br. at 11.) In other words, Johnson says that the facts found by the trial judge do

---

[1] The Court is aware that § 2254(e)(1) provides, "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." But where, as here, § 2254(d)(2) applies, the interplay between §§ 2254(d)(2) and (e)(1) is unsettled. *See Wood v. Allen*, 558 U.S. 290, 293 (2010) ("We granted certiorari to address the relationship between §§ 2254(d)(2) and (e)(1). We conclude, however, that the state court's factual determination was reasonable even under petitioner's reading of § 2254(d)(2), and therefore we need not address that provision's relationship to § 2254(e)(1)."); *Rice v. White*, 660 F.3d 242, 254 (6th Cir. 2011) ("It is an open question whether 28 U.S.C. § 2254(e)(1) . . . applies in every case presenting a challenge under § 2254(d)(2)." (internal quotation marks omitted)); *Murray v. Schriro*, 745 F.3d 984, 1001 (9th Cir. 2014) ("Since [*Kesser v. Cambra*, 465 F.3d 351 (9th Cir. 2006)], our panel decisions appear to be in a state of confusion as to whether § 2254(d)(2) or (e)(1), or both, applies to AEDPA review of state-court factual findings."). Because it does not affect the outcome, the Court will assume, without deciding, that only § 2254(d)(2) applies.

not amount to a "specific intent to kill" as required for his conviction for assault with intent to murder, but only amount to criminal recklessness. (Mich. Ct. App. Br. at 10–11.) Johnson concludes, "Because the [trial] court made findings of fact but misapplied the facts to the law, the remedy is to remand for entry of a verdict consistent with the facts found." (*Id.* at 13.)

The Court understands the foregoing as two closely related, but still separate arguments. First, Johnson claims that his constitutionally guaranteed due process rights were violated because the trial judge convicted him of assault with intent to murder without articulating the requisite factual or legal bases for that conviction. Second, and seemingly more primary, Johnson argues that the facts that the trial judge did find only support a lesser conviction, and thus, his due process rights were violated as he was convicted of a crime that the trial court's factual findings do not satisfy. The Court takes these arguments in turn. Both are, on their face, meritless; as such, Johnson's habeas claim will be summarily dismissed. *See McFarland*, 512 U.S. at 860.

### A.

Under Michigan law, a judge presiding over a criminal bench trial is required to make findings of fact and conclusions of law. Indeed, in deciding Johnson's direct appeal, the Michigan Court of Appeals said just that: "'A judge who sits without a jury in a criminal case must make specific findings of fact and state conclusions of law.'" *Johnson*, 2013 WL 3106940, at *2 (quoting *People v. Shields*, 200 Mich. App. 554, 558, 504 N.W.2d 711, 714 (1993)). Further, for purposes of Johnson's failure-to-articulate argument, the Court will assume (without deciding) that the trial court did not adequately articulate his specific intent finding.

But, even under this law and the assumed factual premise, Johnson is plainly not entitled to habeas relief. For this Court to reach a different conclusion, it must be that the state trial

court's failure to adequately articulate its specific intent finding deprived Johnson of constitutionally mandated due process. (And that would also be assuming de novo review of the state trial court's decision.) Yet, Johnson cites no authority, and the Court is aware of none, establishing that the Due Process Clause requires a trial court judge, sitting as a trier of fact in a criminal trial, to make specific findings as to each element of a crime. *See Kircher v. Scutt*, 12-14477, 2014 WL 354648, at *14 (E.D. Mich. Jan. 31, 2014) ("Petitioner has cited, and I have located, no cases suggesting that specific findings of fact are required in a bench trial as a matter of federal constitutional law.").

In fact, the Sixth Circuit has reached a similar conclusion:

> Wofford argues that the trial court's failure to articulate findings of fact on the record for each element of his crime violated his due process rights; however, this argument is without merit. Under state law, malice is a required element of Wofford's conviction for first degree felony murder. . . . At the conclusion of Wofford's bench trial, it is undisputed that the trial court did not make a specific finding concerning Wofford's malice in committing the crime. While the Due Process Clause requires that a defendant must be convicted of every element necessary to constitute the crime beyond a reasonable doubt, . . . Wofford has not cited to any Supreme Court decision establishing that a trial court, sitting as the finder of fact, must make specific findings for each element of his crime to satisfy constitutional concerns.

*See Wofford v. Straub*, 27 Fed. App'x. 517, 520 (6th Cir. 2001); *cf. Harris v. Rivera*, 454 U.S. 339, 344 (1981) ("Although there are occasions when an explanation of the reasons for a decision may be required by the demands of due process, such occasions are the exception rather than the rule." (footnotes omitted)).

Accordingly, even assuming that the trial court failed to adequately articulate the bases supporting Johnson's convictions of assault with the intent to murder, that fact would plainly not warrant habeas relief as it does not violate the Due Process Clause.

**B.**

Johnson also says that the "facts [that the trial court] found are not sufficient to support the verdicts of guilty of assault with intent to commit murder which the trial judge entered." (Mich. Ct. App. Br. at 11.)

As noted at the outset, the Michigan Court of Appeals addressed this issue and concluded otherwise. In particular, the state appellate court explained, "The trial court's factual findings were sufficient to establish that defendant committed an assault with the intent to commit murder. The trial court found that defendant had a motive to cause harm, that his intent was reflected by his statement that 'you bitches are going to bleed,' and that he carried out his threat by firing several bullets at a crowd of people." *Johnson*, 2013 WL 3106940, at *2. The Michigan Court of Appeals concluded, "In light of the trial court's factual findings, its conclusion that defendant's actions constituted assault with intent to commit murder, and its rejection of the lesser offenses of assault with intent to do great bodily harm less than murder and felonious assault, it is apparent that the trial court found that defendant acted with the specific intent to kill." *Id.*

The Michigan Court of Appeals' conclusion could be interpreted in one of two ways. Arguably, the state appellate court applied the United States Supreme Court's holding that the Due Process Clause requires every element of an offense be proven beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364 (1970) ("Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); *United States v. Gaudin*, 515 U.S. 506, 522–23 (1995) ("The Constitution gives a criminal defendant the right to have a

jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged."). If that is what the Michigan Court of Appeals did, § 2254(d)(1) would apply. And, under that standard, the Court would not find that the Michigan Court of Appeals unreasonably applied, or rendered a decision that was contrary to, the holdings of *In re Winship* or *Gaudin* (or other Supreme Court cases holding the same), in concluding that the trial court had found, beyond a reasonable doubt, that Johnson acted with specific intent to kill. The Michigan Court of Appeals' reliance on the trial court's finding that Johnson articulated an intent to make people "bleed," and then followed through on that intent by firing into a crowd of people, and its rejection of the lesser offenses of assault with intent to do great bodily harm less than murder and felonious assault, were not unreasonable bases for concluding that the trial court found a specific intent to kill. Although an argument might be made that the trial court found only facts supporting extreme recklessness or an intent to commit serious bodily injury, the question for this Court under § 2554(d)(1) was whether the Michigan Court of Appeals' contrary conclusion was reasonable. It plainly was.

One might also interpret the Michigan Court of Appeals' opinion as making a factual determination. Specifically, that the Michigan Court of Appeals reviewed the trial court transcript and, based on its reading of that transcript, concluded that the trial court had explicitly found a specific intent to kill. Under this interpretation, § 2254(d)(2) would apply. But for essentially the reasons stated with regard to § 2254(d)(1), the Court does not find the Michigan Court of Appeals' factual determinations to have been unreasonable.

In short, the deference this Court owes to the Michigan Court of Appeals' review of the trial court's findings under § 2554(d) plainly precludes habeas relief. Summary dismissal is thus warranted.

## IV.

The Court will also deny a certificate of appealability to Johnson. In order to obtain a certificate of appealability, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved differently, or that the issues presented in the petition were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). The Court will deny Johnson a certificate of appealability because reasonable jurists could not dispute that Johnson's habeas claim warrants relief or further scrutiny.

The Court will also deny Johnson leave to appeal in forma pauperis, because any appeal would be frivolous.

## V.

Based upon the foregoing, Johnson's Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED. The Court also DENIES Johnson a certificate of appealability and leave to proceed on appeal in forma pauperis.[2]

SO ORDERED.

                                                               s/Laurie J. Michelson
                                                               LAURIE J. MICHELSON
                                                               UNITED STATES DISTRICT JUDGE

Dated: August 28, 2014

---

[2] Johnson has filed a "Prisoner's Application to Proceed With an Appeal Without Prepayment of Fees and Costs and Authorization to Withdraw Funds from Trust Fund Account." (Dkt. 2.) In this application, perhaps out of an abundance of caution, Johnson asks for permission to file an appeal of his "denial of [his] Petition for Habeas Corpus." (*Id.* at 1.) The Court construes the application as seeking to proceed without prepayment of fees or costs both in this Court and on appeal. Regarding the former, the request is GRANTED.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 28, 2014.

                                              s/Jane Johnson
                                              Case Manager to
                                              Honorable Laurie J. Michelson